**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STAMPEDE MEAT, INC.,

       Plaintiff,

                                    Civil No. 20-cv-1160 MV/CG

vs.

MICHELLE LUJAN GRISHAM, in her official
capacity as GOVERNOR OF THE STATE OF
NEW MEXICO, HECTOR BALDERAS, in his
official capacity as the ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO, BILLY
J. JIMENEZ, in his official capacity as the
ACTING CABINET SECRETARY OF THE
NEW MEXICO DEPARTMENT OF HEALTH,
JAMES C. KENNEY, in his official capacity as
the CABINET SECRETARY OF THE
NEW MEXICO ENVIRONMENT
DEPARTMENT, THE NEW MEXICO
ENVIRONMENT DEPARTMENT and THE
NEW MEXICO DEPARTMENT OF HEALTH,

       Defendants.

## **ORDER**

THIS MATTER comes before the Court on Plaintiff Stampede Meat, Inc.'s Emergency
Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Judgment (the
"Motion") [Doc. 10].   The Court finds it appropriate to set an expedited briefing schedule on the
Motion, rather than issue an emergency order on an *ex parte* basis.

On October 22, 2020, the Department of Health, through Defendant Jimenez and under
authority provided by Defendant Lujan Grisham, issued a Public Health Order stating, *inter alia*,
that any "business that poses a significant public health risk, as determined by the Department of
Health" must close for a period of two weeks when four employees receive positive rapid
response COVID-19 tests within a rolling 14-day period.   Doc. 10 at 10.   Between October 23,

2020 and October 27, 2020, Plaintiff had six rapid responses related to COVID-19 infections.
Doc. 10 at 128.   On November 3, 2020, Defendants served Stampede Meat with a "Notice of
Immediate Closure Pursuant to Public Health Order" ("Stampede Closure Order"), in which
Plaintiff was directed to "immediately close all business operations . . . for fourteen consecutive
calendar days in accordance with the Public Health Order issued October 22, 2020."   Doc. 10 at
128.

On November 6, 2020, Plaintiff commenced the instant action by filing its Verified
Complaint and Application for Declaratory Judgment and Injunctive Relief.   Doc. 1.   On
November 9, 2020, Plaintiff filed the instant Motion, asking the Court to issue an emergency
order, without notice to Defendants, restraining Defendants from the following: (1) enforcing the
October 22, 2020 Order against Plaintiff; (2) enforcing the November 3, 2020 Stampede Closure
Order; and (3) issuing any fine for Plaintiff's failure to comply with Defendants' orders.

This Court is authorized to issue a temporary restraining order "without written or oral
notice to the adverse party or its attorney" only if two conditions are met:   (1) "specific facts in
an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or
damage will result to the movant before the adverse party can be heard in opposition" and (2)
"the movant's attorney certifies in writing any efforts made to give notice and the reasons why it
should not be required."   Fed. R. Civ. P. 65(b)(1).   In support of its argument that "no further
notice is warranted," Plaintiff states only that "all Defendants have been served" with the
Complaint.   Doc. 10.   There, however, is no record on the docket that any Defendant has been
served with the Complaint.   Nor does the Court find that service of the Complaint alone would
satisfy the requirement that the movant's attorney certify efforts made to give notice of the relief
requested in the instant Motion and why that notice should not be required.   Further, as the
Stampede Closure Order was in effect for six days before Plaintiff filed the instant Motion, the

Court finds that the facts in the Complaint do not clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition.   The Court thus finds no grounds to issue an order on an emergency basis without providing Defendants with an opportunity to respond.   It will, however, order an expedited briefing schedule on Plaintiff's Motion.

### IT IS THEREFORE ORDERED that:

1.  Plaintiff must effect service of a copy of this Order, together with Plaintiff's Emergency Motion for a Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment [Doc. 10], and Plaintiff's Verified Complaint and Application for Declaratory Judgment and Injunctive Relief [Doc. 1], and any attachments thereto, to be received by Defendants **no later than 5:00 p.m. Mountain Standard Time (MST) on Tuesday, November 10, 2020**, notwithstanding any previous attempts made by Plaintiff to serve Defendants.   Proof of any service done pursuant to this Order shall be filed with the Clerk of Court as soon as practicable.

2.  If Defendants oppose Plaintiff's Motion, a written response shall be filed with the Court and served on Plaintiff no later than **Monday, November 16, 2020 at 5:00 p.m. MST**.

3.  Plaintiff's reply, if any, shall be filed with the Court and served on Defendants no later than **Wednesday, November 18, 2020 at 5:00 p.m. MST**.

4.  The Court will set a hearing on this matter if it finds that such a hearing is necessary.

DATED this 10th day of November 2020.


MARTHA VAZQUEZ
United States District Judge